UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MOHAMMAD JAVED AKHTAR, KABIR JAVAID,

                       Plaintiffs,                                       **MEMORANDUM & ORDER**
        -against-                                            16-CV-3991 (JMA)(AKT)

LORETTA E. LYNCH, CHRISTOPHER OTT,
KEVIN RUSSELL, WILLIAM DEMPSEY,
7-ELEVEN, INC.,

                       Defendants.
----------------------------------------------------------------------X
**AZRACK, District Judge:**

       On July 18, 2016, *pro se* plaintiffs Mohammad Javed Akhtar ("Akhtar") and Kabir Javaid ("Javaid" and together, "plaintiffs") filed an *in forma pauperis* complaint in this Court against United States Attorney General Loretta Lynch ("USAG Lynch"), Assistant United States Attorney Christopher Ott ("AUSA Ott"), Kevin Russell ("Russell"), William Dempsey ("Dempsey"), and 7-Eleven, Inc. ("7-Eleven" and collectively, "defendants") purporting to allege a deprivation of their constitutional rights as well as claims of "treason, [and] aiding nuclear terrorism."  (Compl. ¶ II.B.)  However, at the time the complaint was filed, only Akhtar submitted an application to proceed *in forma pauperis*.  Accordingly, by Notice of Deficiency dated July 25, 2016, Javaid was instructed to complete and return the enclosed application to proceed *in forma pauperis* in order to proceed with his claims.  (*See* Docket Entry No. 4.)  On August 2, 2016, Javiad filed an application to proceed *in forma pauperis*, but it was incomplete.  (*See* Docket Entry No. 5.)  Accordingly, on September 13, 2016, the Court sent Javaid another Notice of Deficiency and instructed him to complete and return the application within fourteem (14) days.  (*See* Docket Entry No. 6.)  On September 20, 2016, Javaid timely filed the application to proceed *in forma pauperis*.  (*See* Docket Entry No. 7.)

       Upon review of the plaintiffs' applications to proceed *in forma pauperis*, the Court finds

1

that plaintiffs are qualified by their financial status to file their complaint without prepayment of the filing fees. Accordingly, plaintiffs' requests to proceed *in forma pauperis* are granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND[1]

Plaintiffs sparse complaint is frivolous. According to the complaint, on or about July 22, 2013, Akhtan "was threatened by member of U.S. Justice Department in Federal courthouse and he threatened me by using false information from a nuclear terrorist." (Compl. ¶ III. C.) The entirety of plaintiffs' claim is as follows:

> Defendant #1 lied to public, exaggerated charges against my brother. Aided the person committing treason. Defendant #2: Threatened a U.S. citizen, committed treason, aided in nuclear terrorism, abuse of power. Defendant# 3: Aided the person committing treason suppressed constitutional rights of prisoners – abuse of power. Defendant #4 – aided in treason, didn't follow due process in interviewing prisoners. Abuse of power. Defendant #5 – Aided in treason by supporting traitors in government. Suppresses the rights of workers. Fired honorable employees without due process.

(*Id.*) In the space on the form complaint that calls for a description of any injuries suffered, plaintiffs allege:

> Mohommad Akhtan: High blood pressure; mental issues, couldn't work for more than one year. Didn't have insurance up until couple of months ago. Kabir Javaid: mental hardship, can't work properly without being thinking about injustice committed by defendants.

(*Id.* ¶ IV.) For relief, plaintiffs, *inter alia*, "would like the traitor, terrorists and corporation to pay the price of our suffering." Plaintiffs further request that their "lives go back to

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

normal, like it was before Malik Yousaf's indictment"[2] and also "want 7-Eleven to hire all honorable employees that worked at all the 7-elevens." (*Id*. ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation

---

2 The Court notes that Yousaf was indicted in the Eastern District of New York under criminal docket number 13-CR-351(SJF) and pled guilty to Counts One and Two of the indictment on September 22, 2014. The criminal case arose from a scheme whereby Yousaf, along with co-conspirators, employed illegal aliens at twelve 7-Eleven convenience stores. *See* 13-CR-351, Dkt. Entry No. 302 at 2.

3

marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Application to Plaintiffs' Complaint**

*Sua sponte* dismissal of actions filed by *pro se* litigants is generally disfavored in this Circuit, "except when the complaint is patently frivolous on its face or wholly insubstantial[.]" Sexton v. Ryan, 804 F.2d 26, 26-27 (2d Cir. 1986). An action is "factually frivolous" when the contentions in a complaint "are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic' or 'delusional.'" Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The Second Circuit has said that an action may also be dismissed as legally frivolous when "the claim is based on an indisputably meritless legal theory" – that is, "when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per*

4

*curiam*). In addition, "[a] complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quotations and citation omitted).

Even under the most liberal reading owed as a result of plaintiffs' *pro se* status, the complaint nonetheless rises to the level of irrational and "the product of delusion or fantasy." Livingston, 141 F.3d at 437. Accordingly, the complaint is *sua sponte* dismissed. *Morse v. Network of Al-queda Attorneys*, No. 12-CV-1102, 2012 WL 1155821, at *5 (E.D.N.Y. Apr. 5, 2012).

### III. CONCLUSION

For the forgoing reasons, plaintiffs' applications to proceed *in forma pauperis* are granted, but the complaint is *sua sponte* dismissed with prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii). The Clerk of the Court shall mail a copy of this Memorandum and Order to the *pro se* plaintiffs and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  November 29, 2016
        Central Islip, New York

                                              Joan M. Azrack
                                              United States District Judge